IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL NO. 1:23-cr-88-TBM-BWR

BRITTNEY ELIZABETH FORBISH

### ORDER DENYING MOTION TO DISMISS CHARGES

Defendant Brittney Elizabeth Forbish, who is proceeding *pro se*, has filed a Motion [42] to Dismiss Charges. In the motion, Forbish seeks to dismiss her Indictment [7] under Title 18, Section 922(g)(1) of the United States Code, alleging that she was charged as a felon in possession of a firearm in violation of the Second Amendment. One problem, however, is that Forbish entered a guilty plea in this case and was sentenced by the Court on May 2, 2024, to a term of 49 months.

The Judgment [40] was entered on May 9, 2024. And a motion to dismiss an indictment under Rule 12 of the Federal Rules of Criminal Procedure is procedurally improper after judgment has been entered. This procedural defect alone is a sufficient ground for the Court to deny Forbish's motion. Nonetheless, this Court, purely in the alternative, will consider her arguments.

In entering a guilty plea offered by the Government, Forbish waived all rights except to argue that her counsel was deficient, an issue which she does not raise in her instant motion. But even if Forbish had argued that her counsel was deficient and that the outcome of her case would have been different had her counsel raised a motion to dismiss before the entry of her guilty plea and sentencing, it was not unlawful for the Government to charge Forbish as a felon in possession of a firearm. Her predicate offenses, including possession of methamphetamine with intent to

distribute and grand larceny, make that clear. Accordingly, and for the reasons more fully stated below, Forbish's Motion to Dismiss is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Forbish was named in a six-count Indictment [7] on July 25, 2023, and was later arrested on August 16, 2023, in Pascagoula, Mississippi. [30], p. 1. All six counts of her indictment charge Forbish with being a felon in possession of a firearm in violation of Section 922(g)(1). [7], pps. 1-2. With the assistance of counsel, Forbish entered into a plea agreement with the Government. Forbish agreed to plead guilty to Count One in exchange for the Government moving to dismiss Counts Two through Six, as well as recommending Forbish be sentenced in the lower 25% of the applicable guideline range. [35], p. 1; [36], p. 1. Pursuant to her plea agreement, Forbish waived her right to a direct appeal of her conviction and sentence and her right to challenge her conviction and sentence in a post-conviction proceeding, except to pursue an ineffective assistance of counsel claim. [35], pps. 5-6.

The Court accepted Forbish's knowing and voluntary guilty plea in open court on January 25, 2024. After determining that Forbish had a total offense level of 21, a criminal history category of III, the guideline sentence range was 46 months to 57 months, the supervised release range was one to three years, and the fine range was $15,000 to $150,000, the Court sentenced Forbish on May 2, 2024, to 49 months imprisonment for Count One of the Indictment, with three years of supervised release, a $3,000 fine, and a special assessment fee of $100.

Forbish is currently incarcerated at FCI Aliceville in Aliceville, Alabama, and has an expected release date of September 2, 2026. After judgment was entered on May 9, 2024, Forbish did not file a direct appeal. She filed this Motion to Dismiss Charges [42] on March 14, 2025.

## II. DISCUSSION

Forbish's motion is styled as a motion to dismiss her indictment. But, "[a]s a motion to dismiss the indictment, this motion is utterly futile, because it is untimely." *Skinner v. United States*, No. 1:02-CR-93-DCB-JMR, 2022 WL 16639995, at *1 (S.D. Miss. Nov. 2, 2022). A motion to dismiss an indictment under Federal Rule of Criminal Procedure 12 "generally must be made before trial or at least while the case is pending." *Id.* (citing *United States v. Cathey*, 591 F.2d 268, 271, n. 1 (5th Cir. 1979); *United States v. Reed*, 32 F. App'x 127 (5th Cir. 2002)). When a petitioner fails to file a direct appeal and the time for such an appeal is past, "a motion to dismiss is untimely and warrants dismissal." *Skinner*, 2022 WL 16639995, at *1.

Here, this case is no longer pending, and the time for any direct appeal has long passed, as Forbish filed her motion some 10 months after the Judgment was entered. As a result, the Court finds her Motion to Dismiss to be procedurally improper. Alternatively, though, the Court will consider Forbish's motion as if it were a properly filed post-conviction motion.

### A. The Court will alternatively construe Forbish's Motion under Section 2255

"It is well-settled that post-conviction motions to dismiss an indictment [can be] construed as motions to vacate, set aside or correct the sentence under § 2255." *United States v. Watkins*, No. 1:22-cr-136, 2024 WL 3652049, at *1 (N.D. Ohio Aug. 5, 2024); *see United States v. Gastelum-Lara*, 478 F. App'x 303, 305 (6th Cir. 2012) (holding that a district court properly construed a post-conviction motion to dismiss the indictment as a Section 2255 motion); *United States v. Rodgers*, No. 10-cv-20770, 2019 WL 12043584, at *1 (E.D. Mich. Dec. 23, 2019) (construing a post-judgment motion to dismiss the indictment as a motion to vacate under Section 2255). Notably, in *United States v. Taylor*, No. 3:21-cr-635, 2024 WL 3201112, at *1 (N.D. Ohio June 27, 2024), the

district court construed the petitioner's post-conviction motion to dismiss the indictment for being a felon in possession of a firearm under Section 922(g)(1) as a Section 2255 motion.

The Court will alternatively do the same here and construe Forbish's Motion to Dismiss as a Section 2255 motion to vacate, set aside, or correct her sentence. Of course, pursuant to her plea agreement with the Government, Forbish waived her right to challenge her conviction and sentence in a Section 2255 motion, except to pursue a claim of ineffective assistance of counsel. [35], pp. 5-6.

### B. Forbish Does Not Allege that Her Counsel Was Defective

To obtain post-conviction relief under Section 2255, a criminal defendant must prove by a preponderance of the evidence that her sentence was imposed in violation of the United States Constitution or laws, that the court lacked jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980). A collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). Once a defendant has been convicted and exhausted or waived any right to appeal, "a court is entitled to presume that [she] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). And after a sentence of imprisonment has been imposed, the Court's authority to reduce or modify the sentence is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994).

By pleading guilty, a criminal defendant cuts off her ability to raise substantive challenges in a motion for post-conviction relief.

> When a criminal defendant has solemnly admitted in open court that [s]he is in fact guilty of the offense with which [s]he is charged, [s]he may not thereafter raise

4

> independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. [S]he may only attack the voluntary and intelligent character of the guilty plea by showing that the advice [s]he received from counsel was not within the [applicable] standards.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973). To be sure, "[a] voluntary guilty plea waives all non[-]jurisdictional defects in the proceedings against the defendant," including ineffective assistance of counsel claims "except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary." *United States v. Palacios*, 928 F.3d 450, 456 (5th Cir. 2019).

In her motion, Forbish does not raise any ineffective assistance of counsel claim. Instead, she challenges the constitutionality of her indictment, asserting that her charges under Section 922(g)(1) violated the Second Amendment. But this argument presents a substantive challenge to her conviction and sentence. By pleading guilty, Forbish waived this argument. *See United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002) (recognizing that where a defendant has executed a valid waiver of the right to seek Section 2255 relief, only an argument that ineffective assistance of counsel "directly affected the validity of that waiver or the plea itself" survives); *Andrade v. United States*, No. 3:05-cr-186-L(03), 2012 WL 3777405, at *3 (N.D. Tex. Aug. 10, 2012) ("Any substantive claims Petitioner may be asserting are waived by h[er] plea agreement . . ."), *report and recommendation adopted*, No. 3:05-cr-186-L (03), 2012 WL 3779192 (N.D. Tex. Aug. 31, 2012). Forbish did not argue that her charge was unconstitutional at any time before pleading guilty or being convicted, and she did not do so in a direct appeal after judgment was entered against her. To now raise a constitutional challenge in a collateral attack is not proper under Section 2255. And where Forbish does not appear to argue that her counsel was somehow deficient relating to her decision to plead guilty or otherwise, her motion lacks any merit.

5

## C. Even if Forbish's Counsel Had Brought a Timely Motion to Dismiss, the Motion Would Have Been Denied

Even assuming that Forbish did raise an ineffective assistance claim, or that such a claim is implicit in her motion—e.g., that her counsel was deficient in failing to file a motion to dismiss prior to her decision to plead guilty—"in a guilty plea scenario, a petitioner must prove not only that h[er] attorney actually erred but also that [s]he would not have pled guilty but for the error." *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994); *see United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (Even a defendant's "vague references to h[er] sixth amendment rights are insufficient to raise the issue."). Forbish makes no showing that she would not have pled guilty if her counsel had moved to dismiss her indictment before she pled guilty. And to be clear, had her counsel made such a motion, this Court would have denied it. To that end, the Court will briefly discuss two of Forbish's underlying convictions that foreclose a Second Amendment challenge.

### 1. Possessing a Controlled Substance with Intent to Distribute

In 2018, Forbish pled guilty to possessing methamphetamine with the intent to distribute. For that crime, she was sentenced to eight years' imprisonment with the special condition that if she completed short-term drug and alcohol treatment, her sentence might be reconsidered. Upon completing the treatment program, she was given time served in 2019, with the remainder of her sentence to be served on post-release supervision. Her post-release supervision was later revoked in 2021 after numerous arrests for further criminal conduct and probation violations.

This Court recently disposed of a pretrial Second Amendment challenge where a defendant similarly had been convicted of trafficking in methamphetamine. *United States v. McCuin*, No. 1:24-cr-38-TBM-BWR-1, 2025 WL 1285680, at *9 (S.D. Miss. May 1, 2025). "[W]hat is obvious to the Court is that McCuin's conviction for the transfer of methamphetamine is a dangerous crime. And

there is undoubtedly a long history in this country of disarming people who are dangerous." *Id*. Indeed, in another recent opinion, this Court discussed at length the dangerous and harmful effects of methamphetamine, as a drug that is highly addictive and can cause anxiety, agitation, paranoia, violent behavior, and even death. *United States v. Thomas*, No. 1:21-cr-39-TBM-RHWR, 2024 WL 5108451, at *5-7 (S.D. Miss. Dec. 13, 2024).

Forbish has been convicted of possessing with the intent to distribute a drug that may produce all of these harmful effects. "There can be no question that this constitutes a dangerous offense. Just as at the Founding, those who were perceived as dangerous or a threat to society, and those who trafficked in contraband could be disarmed," Forbish can be disarmed for this conviction. *McCuin*, 2025 WL 1285680, at *10.

**2. Grand Larceny**

Seemingly undeterred by her methamphetamine conviction and the several other crimes for which she was convicted, such as credit card fraud, Forbish pled guilty in 2021 to grand larceny. She was sentenced to five years' imprisonment, which was reduced to a three-year post-release supervision, to be served consecutively to the completion of Forbish's sentence for the credit card fraud. The indictment charged that Forbish, along with another perpetrator, stole a trailer and tools valued between $1,000 and $5,000.

Forbish's 2021 grand larceny conviction is not unlike a defendant's prior conviction for vehicle theft which the Fifth Circuit found to comport with the Nation's history and tradition of firearm regulation in *United States v. Diaz*, 116 F.4th 458, 468-69 (5th Cir. 2024). "[C]olonial-era laws . . . establish that our country has a historical tradition of severely punishing people like Diaz who have been convicted of theft." *Id*. Larceny, which Forbish was convicted of, is just another

7

"species of theft." *United States v. Benkowich*, No. 1:24-cr-57-HSO-RPM-1, 2024 WL 4555392, *2 (S.D. Miss. Oct. 23, 2024) (citing "Theft," Black's Law Dictionary (12th ed. 2024) ("1. The wrongful taking and removing of another's personal property with the intent of depriving the true owner of it; *larceny*. 2. Broadly, any act or instance of stealing, including *larceny*, burglary, embezzlement, and false pretenses.") (emphasis added)). And "[a]t the time of the Founding, English common-law felonies consisted of murder, rape, manslaughter, robbery, sodomy, larceny, mayhem, and burglary." *McCuin*, 2025 WL 1285680, at *7.

Undoubtedly, there is a "historical tradition of permanently punishing certain offenders who the evidence shows would have been considered felons . . . at the time of the Founding." *Diaz*, 116 F.4th at 469. As a result, Forbish, who has been convicted of grand larceny, "fits neatly" within the Nation's historic tradition of firearm regulation. *Id.* at 471. "So, using [her grand larceny] conviction as a predicate offense to permanently disarm h[er] does not violate the Second Amendment." *McCuin*, 2025 WL 1285680, at *8.

For these reasons, even if Forbish had filed a timely motion to dismiss her indictment, this Court would have denied it. And after having that motion denied, then it is likely that Forbish still would have pled guilty. Thus, to the extent that the Court reads an ineffective assistance claim into Forbish's Motion, which it is in no way required to do, that claim fails. Because Forbish' motion is procedurally improper as a post-conviction motion to dismiss her indictment, and because even when read as a Section 2255 motion, it does not show that Forbish is entitled to relief, the Motion to Dismiss Charges is denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Brittney Elizabeth Forbish's Motion [42] to Dismiss Charges is DENIED.

SO ORDERED AND ADJUDGED, this, the 1st day of October, 2025.

_____
**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**